UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUSTIN WAGNER,
        Plaintiff,

v.                               Case No. 12-CV-00960

WASHINGTON COUNTY, et al.,
        Defendants.

## DECISION AND ORDER

Plaintiff Austin Wagner is suing Washington County, Wisconsin, and several of its officials under 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth and Fourteenth Amendment rights while he was being detained at the Washington County Juvenile Detention Center. Judge Stadtmueller entered an order dismissing this case with prejudice under Civil L.R. 41(c)(E.D. Wis.). This rule allows a judge in this district to enter an order dismissing a case with or without prejudice where it appears to the judge that the plaintiff is not diligently prosecuting the action. The rule gives a plaintiff 21 days to petition for reinstatement of the case before final judgment is entered. After he entered the order of dismissal, Judge Stadtmueller recused himself from the case, and it was reassigned to me. Before me now is plaintiff's motion to reinstate the case.[1]

---

[1] In their brief, defendants treat the motion to reinstate as a either a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) or a motion for relief from a judgment under Fed. R. Civ. P. 60(b). Neither of these rules applies because there is not yet a final judgment dismissing the case. (*See* Tr. of Status Conf. 3, ECF No. 22 (noting that the court was going to "provisionally dismiss this case on its merits . . . subject to [plaintiff] bringing to the Court's attention such matters that may cause the Court to reconsider")).

In his oral ruling, Judge Stadtmueller found that dismissal was appropriate because plaintiff failed to complete discovery in a timely fashion, failed to respond to an expedited motion under Civil L.R. 7(h), and failed to appear at a telephone status conference on July 3, 2013. Having reviewed the entire record, I conclude that plaintiff's counsel committed some errors, but her errors were not sufficient to justify dismissal of the case on the merits. "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" *Kasalo v. Harris & Harris, Inc.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)). Therefore, I will grant the motion to reinstate the case.

I will also grant the Rule 7(h) motion referenced in Judge Stadtmueller's ruling. In this motion, defendants ask the court to compel plaintiff to pay the costs and attorney's fees defendants incurred during plaintiff's first deposition and to attend a second deposition. Plaintiff admits that he did not file a timely brief in opposition to this motion. "Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.).

Before plaintiff can be re-deposed, I need to resolve a dispute between the parties about a privilege plaintiff claimed during his deposition. Plaintiff claims that information about the juvenile convictions that led him to be incarcerated at the Washington County Juvenile Detention Center is privileged. He claims this privilege not only restricts access to his juvenile records but also prevents defense counsel from inquiring about his convictions during his deposition. Plaintiff outlined his arguments in support of his privilege claim in his brief in support of his motion for reinstatement. Since defendants have not yet

had a chance to respond to these arguments, I will give them an opportunity to do so. After I have a chance to review defendants' brief, I will rule on this issue.

Finally, I will set a telephone status conference for this case. At that conference, I will rule on the privilege issue and set a schedule for the completion of discovery and the filing of dispositive motions. Prior to the status conference, the parties are directed to confer and submit a proposed schedule to the court. The schedule should include dates for any remaining depositions, including plaintiff's deposition, deadlines for the completion of both fact and expert discovery, and a deadline for the filing of dispositive motions.

In closing, I warn plaintiff's counsel that from now on she must be more diligent in reviewing the filings in this case. I have confirmed with the clerk's office that plaintiff's counsel is registered to receive electronic service of filings via her email account. These emails are the only notification plaintiff will receive when a motion is filed or a hearing is set, and plaintiff's counsel is expected to respond to all filings in a timely fashion and to appear at all hearings. Failure to meet these obligations may result in dismissal of the case for lack of prosecution. Plaintiff's counsel should also make sure defense counsel has an easy way of contacting her, either by phone or email, and defense counsel should do the same. The parties need to be responsive to one another so they can work out disputes and handle scheduling matters between themselves whenever possible.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reinstatement (Docket #28) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to compel discovery and extend all court deadlines (Docket #15) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants shall submit an affidavit substantiating the costs and attorney's fees sought in their motion to compel on or before **February 14, 2014**.

**IT IS FURTHER ORDERED** that defendants shall file a brief addressing the privilege claim outlined in plaintiff's brief in support of his motion to reinstate the case on or before **February 14, 2014**.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a proposed scheduling order to the court on or before **February 14, 2014**.

**IT IS FURTHER ORDERED** that the court will hold a telephone status conference on **February 19, 2014 at 2:15 p.m.** The court will initiate the call. The parties should call chambers at (414) 297-1285 to advise the court of their participation.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge